IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| The Ockers Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:21-00776-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Clear Touch Interactive, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff The Ockers Company's ("Plaintiff") motion to remand the instant matter pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, the court grants Plaintiff's motion and remands this action to the Court of Common Pleas for Greenville County, South Carolina.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a contractual relationship between Plaintiff and Defendant Clear Touch Interactive, Inc. ("Defendant"). (Compl., generally, ECF No. 1-1.) Plaintiff filed the instant action on March 12, 2021 in the Court of Common Pleas for Greenville County, South Carolina, alleging claims of breach of contract; breach of contract accompanied by a fraudulent act; tortious interference with prospective contractual relations; violation of the South Carolina Trade Secrets Act ("SCTSA"), S.C. Code § 39-8-10 *et seq*.; defamation; violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 *et seq*.; and civil conspiracy. (Id., generally, ECF No. 1-1.) Plaintiff is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. (Id. ¶ 1, ECF No. 1-1.) Defendant is a

Nevada corporation with its principal place of business in Greenville, South Carolina. (Id. ¶ 2, ECF No. 1-1); (Def. Ans. Interrogatories 2, ECF No. 3.)

On March 18, 2021, Defendant removed the instant matter to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. Removal ¶ 1, ECF No. 1.) The notice of removal asserts that complete diversity existed at the time the complaint was filed and the amount in controversy exceeds the jurisdictional minimum. (Id. ¶ 5, ECF No. 1.) The notice of removal further asserts "Defendant has not yet accepted formal service of process." (Id. ¶ 4, ECF No. 1.) On April 1, 2021, Plaintiff filed a motion to remand, asserting that removal was improper under 28 U.S.C. § 1441(b)(2). (Mot. Remand, ECF No. 6.) On April 12, 2021 Defendant filed a response. (Resp., ECF No. 7.) In addition, Defendant also filed a motion to dismiss and enforce a mandatory alternative dispute resolution clause in a "Final Reseller Agreement" between the parties. (Mot. Dismiss, ECF No. 8.) On April 19, 2021, Plaintiff filed a reply in support of its motion to remand. (Reply, ECF No. 10.) On April 23, 2021, Plaintiff filed a motion to stay briefing and consideration of Defendant's motion to dismiss pending the outcome of the motion to remand. (Mot. Stay, ECF No. 11.) The court granted the motion to stay on April 23, 2021. (Order, ECF No. 12.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

The burden of demonstrating jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). District courts "are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated." Id.

(internal quotation marks omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary."  Dixon, 369 F.3d at 816 (quoting Mulcahey, 29 F.3d at 151); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." (internal quotation marks omitted)).

Under 28 U.S.C. § 1332, district courts have original jurisdiction over a case if the action involves citizens[1] of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  § 1332(a).  There is no dispute that the requirements of § 1332(a) have been satisfied.  (Mem. Supp. Mot. Remand, generally, ECF No. 6-1); (Resp., generally, ECF No. 7.)  However, a defendant's ability to remove based upon diversity jurisdiction is limited by 28 U.S.C. § 1441(b)(2), which provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  § 1441(b)(2); see Phillips Constr., LLC v. Daniels Law Firm, PLLC, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015) ("This provision, commonly known as the 'forum defendant rule,' is separate and apart from the statute conferring diversity jurisdiction. . . ." (internal quotation marks and citations omitted)).

---

[1] For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Therefore, Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Nevada and South Carolina.  (See Compl. ¶ 1, ECF No. 1-1); (Def. Ans. Interrogatories 2, ECF No. 3.)

Plaintiff argues that removal was improper under the forum defendant rule because Defendant is a citizen of South Carolina. (Mem. Supp. Mot. Remand, generally, ECF No. 6-1); (Reply, generally, ECF No. 10.) Plaintiff also argues that even if Defendant was not "properly joined and served" prior to removal, permitting removal before service under § 1441(b)(2) would lead to absurd results inconsistent with legislative intent. (Mem. Supp. Mot. Remand, generally, ECF No. 6-1); (Reply, generally, ECF No. 10.) Defendant argues that § 1441(b)(2) precludes removal only after a defendant has been "properly joined and served" and that it had not been served at the time of removal. (Resp., generally, ECF No. 7.) The critical inquiry in the instant motion to remand is whether Defendant was served prior to removal, and if not, whether the forum defendant rule bars Defendant from removing this action prior to being served.

Because this case was filed in the Court of Common Pleas for Greenville County, service of the summons and complaint must be effected in accordance with Rule 4 of the South Carolina Rules of Civil Procedure. "It is the plaintiffs burden to show that the court has personal jurisdiction over the defendant." Fassett v. Evans, 610 S.E.2d 841, 843 (S.C. Ct. App. 2005) (citation omitted). "The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an opportunity to appear and defend." White Oak Manor, Inc. v. Lexington Ins. Co., 753 S.E.2d 537, 541 (S.C. 2014) (internal citations and quotation marks omitted); see also Burris Chemical, Inc. v. Daniel Const. Co., 163 S.E.2d 618, 620 (S.C. 1968) ("The principal object of service of process is to give notice to the defendant corporation of the proceedings against it." ). It follows that Rule 4, which governs service of process, "confers personal jurisdiction on the court and assures the defendant of

reasonable notice of the action." <u>BB & T v. Taylor</u>, 633 S.E.2d 501, 503 (S.C. 2006) (quoting

<u>Roche v. Young Bros., Inc. of Florence</u>, 456 S.E.2d 897, 899 (S.C. 1995)).  Rule 4(c) states that

"[s]ervice of summons may be made by the sheriff, his deputy, or by any other person not less

than eighteen (18) years of age, not an attorney in or a party to the action."  S.C. R. Civ. P. 4(c).

To effect service on a corporation,

> service shall be made . . . by delivering a copy of the summons and complaint to an
> officer, a managing or general agent, or to any other agent authorized by appointment or
> by law to receive service of process and if the agent is one authorized by statute to
> receive service and the statute so requires, by also mailing a copy to the defendant.

S.C. R. Civ. P. 4(d)(3).

"Exacting compliance with the rules is not required to effect service of process." <u>BB &</u>

<u>T</u>, 633 S.E.2d at 503 (citing <u>Roche</u>, 456 S.E.2d at 899).  "'Rather, [the court must] inquire

whether the plaintiff has sufficiently complied with the rules such that the court has personal

jurisdiction of the defendant and the defendant has notice of the proceedings.'" <u>Id.</u> (quoting

<u>Roche</u>, 456 S.E.2d at 899).  Additionally, "consistent with th[e] purpose [of service of process],

parties are generally permitted to agree to particular methods of service or waiving service

altogether." <u>White Oak Manor</u>, 753 S.E.2d at 541 (internal quotation marks and citations

omitted).  "[W]here service is accomplished in a manner consented to by the defendant, service

of process is valid and a court has jurisdiction over the defendant . . . ." <u>Fin. Fed. Credit Inc. v.</u>

<u>Brown</u>, 683 S.E.2d 486, 491 (S.C. 2009) (citation omitted).  "Furthermore, allowing for the

waiver of service is consistent with the principle that a defendant can waive personal

jurisdiction." <u>White Oak Manor</u>, 753 S.E.2d at 541 (citations omitted); <u>see also</u> S.C. R. Civ. P.

4(g) ("Failure to make proof of service does not affect the validity of the service.").

In a November 23, 2020 email, Defendant's counsel represented that he was "authorized to receive service on behalf of Clear Touch." (Resp. Ex. 1 (Email 2), ECF No. 7-1.) Relying on this representation, on March 12, 2021, Plaintiff's counsel emailed a copy of the lawsuit to Defendant's counsel and asked if Defendant's counsel was "still willing to accept service." (Id. Ex. 1 (Email 2), ECF No. 7-1.) Defendant's counsel replied "Sure." (Id. Ex. 1 (Email 1), ECF No. 7-1.) Plaintiff's counsel then emailed Defendant's counsel an acceptance of service form and requested that he file the form at his earliest convenience. (Id. Ex. 1 (Email 1), ECF No. 7-1.) Defendant's counsel did not file the form and instead removed the action to this court on March 18, 2021. (Resp. 4, ECF No. 7); (Not. Removal, ECF No. 1.) A copy of the summons and complaint was attached to the notice of removal. (Not. Removal Ex. 1 (State Court Documents), ECF No. 1-1.) Additionally, the notice of removal states "Plaintiff's counsel forwarded a copy of the Complaint to the undersigned on March 12, 2021 via email but Defendant has not yet accepted formal service of process in the Court of Common Pleas." (Not. Removal ¶ 4, ECF No. 1.)

Plaintiff argues that service was effected on March 12, 2021. (Mem. Supp. Mot. Remand, 4-5, ECF No. 6-1); (Reply, 6-7, ECF No. 10.) Defendant argues that the use of the word "sure" by Defendant's counsel "only expressed a tentative willingness to accept service" and that filing an acceptance of service form is required in order to effectuate service. (Resp. 4-5, ECF No. 7.) Defendant's sole argument is that service is not complete until it files an acceptance of service form. However, this argument is both disingenuous and without merit.

Filing an acceptance of service form is not required to effectuate service under Rule 4.[2]  See

S.C. R. Civ. P. 4.  Further, separate from Rule 4, the record is devoid of any evidence of

agreement by the parties that filing an acceptance of service form was both required and a

precondition to effecting service.  Thus, the filing of an acceptance of service form was not

required in order to effectuate service in this case.

As the court has noted, the relevant inquiry for whether service has been effected is

"whether the plaintiff has sufficiently complied with the rules such that the court has personal

jurisdiction of the defendant and the defendant has notice of the proceedings."  BB & T, 633

S.E.2d at 503 (citing Roche, 456 S.E.2d at 899).  To effect service on a corporation the serving

party must deliver a copy of the summons and complaint to an agent authorized to receive

service.  See S.C. R. Civ. P. 4(d)(3).  It is undisputed that Defendant's counsel represented he

was "authorized to receive service on behalf of Clear Touch."  (Resp. Ex. 1 (Email 2), ECF No.

7-1.)  Further, it is undisputed that Defendant had actual notice of the action and received a copy

of the summons and complaint.  (Not. Removal ¶¶ 2, 4, ECF No. 1); (Id. Ex. 1 (State Court

Documents), ECF No. 1-1.)  In fact, Defendant's counsel agreed to a particular method of

service and acknowledged receipt of the summons and complaint in accordance with this

method in the notice of removal.  (Resp. Ex. A (Email 1-2), ECF No. 7-1); (Not. Removal ¶ 4,

ECF No. 1.)  Defendant does not allege that its counsel was not authorized to receive service or

that the agreement for Plaintiff's counsel to serve Defendant through its counsel was improper.

---

[2] The fact that filing an acceptance of service form can act as proof of service does not
mean that failing to file an acceptance of service form means that service did not occur.  See
S.C. R. Civ. P. 4(g) ("Failure to make proof of service does not affect the validity of the
service."); see also id. 4(j).

Instead, Defendant only argues that service is not complete until it files an acceptance of service form. As noted above, this argument is without merit.

Based upon a review of the record, the court finds that Plaintiff sufficiently complied with the rules of service and the parties agreed to a particular method of service, which was sufficient to confer personal jurisdiction over Defendant in state court and provide reasonable notice of the action to Defendant. The court finds that Defendant was effectively served on March 12, 2021. Because Defendant is a citizen of South Carolina, removal was improper under § 1441(b)(2) and this action is remanded to state court. Additionally, because the court finds that Defendant was served on March 12, 2021, the court need not consider the remaining argument regarding whether § 1441(b)(2) bars a defendant from removing an action prior to being served.

Based on the foregoing, Plaintiff's motion to remand is granted.

It is therefore

**ORDERED** that Plaintiff's motion to remand, docket number 6, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 7, 2021

8